UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:02CR085 (EBB) |
| : | | |
| v. | : | |
| | : | |
| TERRELL MEBANE | : | June 20, 2005 |

**MEMORANDUM IN AID OF SENTENCING**

The defendant, Terrell Mebane, submits this memorandum as an aid to the Court in his sentencing. On August 14, 2002, Mr. Mebane pled guilty to count one of the Indictment charging him with Conspiracy to Possess with Intent to Distribute a Detectable amount of a Cocaine Base, in violation of Title 21 U.S.C. sections 841(a)(1), 841(b)(1)(B), and 846. Since the date of his arrest in March 25, 2002 Mr. Mebane has engaged in active cooperation with the government, assisting in the investigation and prosecution of significant and dangerous drug dealers in the Greater Bridgeport area. This cooperation has been recognized by the government in its Motion for Downward Departure from the sentencing range of 151 to 188 months of imprisonment. Mr. Mebane respectfully requests the Honorable Court to depart downward based upon his substantial assistance to the government.

I.  OBJECTION TO PRESENTENCE REPORT

Mr. Mebane objects to Paragraph # 1, as he plead to Conspiracy to Possess with Intent to Distribute a Detectable amount of a Cocaine Base, rather than five grams or more of Cocaine Base, as stated in the Pre-Sentence report. Mr. Mebane further object to Paragraph # 48 which state his pending charges in Bronx County Criminal Court; per the Pre-Sentence Report Mr.

Mebane is charged with Possession of Four ounces of Cocaine, which is incorrect; his charge is for Possession of Eight Two Grams of powder cocaine.

II.     LEGAL DISCUSSION

The United States Sentencing Guidelines operate in the context of section 3553 of Title 18 of the United States Code. Section 3553(a) provides that the court "shall impose a sentence sufficient, but not greater then necessary...

- A.    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- B.    to afford adequate deterrence to criminal conduct;
- C.    to protect the public from further crimes of the defendant; and,
- D.    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner",

18 U.S.C. section 3553(a).

The sentencing court "has an independent power and responsibility to impose the proper sentence" under this statutory scheme. United States v. Pena, 930 F.2d 1486, 1495-96 (10th Cir. 1991); United States v. Agu, 763 F.Supp. 703, 704 (E.D.N.Y. 1991; United States v. Swapp, 719 F.Supp. 1015, 1025 (D. Utah 1989). Indeed, because "the prosecutor has tremendous discretion to decide whom to indict and what crimes to indict...the essence of our system of separated powers is that the judiciary have some discretion to counterbalance the prosecutor's awesome power." United States v. Jackson, 756 F. Supp 23, 27 (D.D.C. 1991).

The district court is afforded substantial discretion in determining whether a factor is appropriate for a downward departure. United States v. Galante, 111 F.3d 1029, 1035-

36 (2d. Cir. 1997); United States v. Rioux, 97 F.3d 648, 663 (2d. Cir 1996); United States v. Broderson, 67 F.3d 452, 459 (2d Cir 1995). A downward departure is appropriate if a mitigating factor "of a kind, or to a degree, not adequately taken into consideration" in the guidelines exists in the case, i.e., the case is out of the "heartland" of other cases to which the guidelines apply. U.S.S.G. 5K2.0; Koon v. United States, 518 U.S. 81, 98 (1996); Broderson, 67 F.3d at 458. Mitigating factors can serve as the basis for departure either individually or collectively. Rioux, 97 F.3d at 663.

The decision in United States v. Fanfan,. 543 U.S.___ (2005) at 2, make the Sentencing guidelines non-mandatory and "effectively advisory." Id. In fact the court in Fanfan directs that the lower courts "to consider guideline ranges … but it permits the court to tailor the sentence in light of other statutory concerns as well." Id. The other statutory concerns are delineated in 18 U.S.C. 3553(a) (1) as the nature and circumstance of the offense and the history and circumstance of the defendant. Id. Further by excising the mandatory application of the guideline as stated in 18 U.S.C. 3553(b)(1), the remaining statutory provision regarding the imposition of a sentence is § 3553 (a)(1), which provides very broad criteria for courts to consider in imposing sentence. Accordingly, the sentence guidelines must be considered, however, so must the provisions of § 3553(a). U.S. v. Fanfan at 2.

It is Mr. Mebane's position that the sentencing guidelines are now one of many factors a court may consider in sentencing a defendant. While it is true that courts must consider the guidelines, there is no mandate that they must be presumed reasonable, or for that matter, followed at all. A court may consider the guidelines and conclude that their application to a particular defendant would result in an inappropriate sentence for a defendant and sentence the

defendant to a sentence the court deems fit.  This court's decision would be reviewed for reasonableness which is a very deferential standard of review.

1. THE COURT SHOULD DEPART DOWNWARD DUE TO MR. MEBANE'S SUBSTANTIAL ASSISTANCE TO THE GOVERNMENT

In this matter, the government agrees that Mr. Mebane provided valuable assistance to it in the case of United States v. Quinne Powell, et al and United States v. Damon Walker, et al Mr. Mebane's cooperation is fully set forth in the Memorandum in Support of the Government's Motion for Downward Departure, filed by the United States Attorney.  On this basis Mr. Mebane seeks a downward departure under U.S.S.G 5K1.1.

Because there is no dispute in this case that Mr. Mebane provided substantial and valuable assistance to the government, Mr. Mebane respectfully requests that this court exercise its discretion and depart downward.  Indeed the government's Motion for a Downward Departure and its accompanying memorandum sets forth in detail the cooperation provided by Mr. Mebane, and states fully the reasons why a downward departure is warranted.  As the Court is well aware the Quinne Powell- Aaron Harris and Middle Court/D-top drug-trafficking organization was an extremely violent street gang which had no compunction in resorting to violence and murder to further its ends.  During Mr. Mebane's cooperation he identified and testified against two major drug dealers known for significant acts of violence in Bridgeport, doing so at great personal risk to himself and his family.  The government in its Motion for Downward Departure characterizes the Quinn Powell Organization as "one of the most violent drug trafficking organization in Bridgeport." (See Governments Motion at 5) The Government further asserts that his "given his

demeanor as a witness, the defendant was a highly credible witness at trial." Id.  Mr. Mebane's cooperation was extensive, truthful, and helpful to the government and he respectfully requests the honorable court to give him a substantial departure for his cooperation.

2. THE DEFENDANT ASKS THE COURT TO CONSIDER DOWNWARD DEPARTURE FOR A COMBINATION OF FACTORS UNDER U.S.S.G 5K2.0, SPECIFICALLY THE EXTRAORDINARY PHYSICAL AND MENTAL HARDSHIP HE SUFFERED AS A CHILD

Mr. Mebane requests the Court to consider a downward departure under U.S.S.G. 5k2.0, in that there exists a combination of factors resulting in extraordinary personal hardship suffered by Mr. Mebane as a child because he was abandoned by his drug addicted father, and subjected to years of abuse at the hands of his step father.

In the framework of 18 U.S.C. 3553, the sentencing guidelines set forth a non-exhaustive list of factors that can constitute a basis for departure.  United States v. Rogers, 972 F.2d 489 (2d Cir. 1992); U.S.S.G. 5K2.0.  Because the sentencing guidelines were not intended to encompass every possible sentencing scenario, the guidelines permit downward departures both for factors enumerated in the sentencing guidelines and for mitigating factors that are not specifically addressed in the sentencing guidelines but are present in a particular case. Rogers, 972F.2d at 492-93; United States v. Jagmohan, 909 F.2d 61, 65 (2d Cir. 1990); U.S.S.G. ch1, pt A(4)(b).

The district court is afforded substantial discretion in determining whether a factor is appropriate for a downward departure. United States v. Galante, 111 F.3d 1029, 1035-36 (2d. Cir. 1997); United States v. Rioux, 97 F.3d 648, 663 (2d. Cir 1996); United States v. Broderson,

67 F.3d 452, 459 (2d Cir. 1995).  A downward departure is appropriate if a mitigating factor "of a kind, or to a degree, not adequately taken into consideration" in the guidelines exists in the case, i.e., the case is out of the "heartland" of other cases to which the guidelines apply. U.S.S.G. 5K2.0; Koon v. United States, 518 U.S. 81, 98 (1996); Broderson, 67 F.3d at 458.  Mitigating factors can serve as the basis for departure either individually or collectively. Rioux, 97 F.3d at 663.

The additional factors for the court's consideration are the abandonment suffered by Mr. Mebane as a child by his father coupled with the severe physical child abuse he suffered at the hands of his step-father, and how this traumatic childhood influenced his future decision-making and drug addiction.

Mr. Mebane's personal background is fully and accurately described in the Pre-Sentence Report.  Mr. Mebane's upbringing is not a situation of lack of youthful guidance.  Mr. Mebane's father suffered from drug addiction, and was constantly in and out of jail. In addition his father died when Mr. Mebane was 13 of Acquired Immune Deficiency Syndrome. Though Mr. Mebane had minimal contact with his biological father his death greatly affected Mr. Mebane due to the impact of the contemporaneous death of his sister from Asthma. At the age of twelve he left a very abusive household; he suffered tremendous abuse at the hands of his stepfather, who not only physical and emotionally abused him but Mr. Mebane's mother as well. This abuse by his step-father resulted in Mr. Mebane leaving his mother's home to be raised by his paternal grandmother.  From the age of five until he moved in with his grandmother, Mr. Mebane suffered horrific torture at the hands of stepfather; Mr. Mebane was choked and beaten by his stepfather on numerous occasions sometimes for over periods of an hour.

By Mr. Mebane's own admission, he began to drift into the street element at age twelve, where to began using and abusing drugs. His drug history begins at twelve with the use of alcohol and marijuana and he quickly progressed to cocaine. It is clear that he turned to drugs to escape both the physical and emotional damage he suffered at the hands of his stepfather, and the emotional damage caused by the lack of a supportive, loving father figure which was denied to him.

Mr. Mebane has not denied responsibility for this offense. However, he is now facing a lengthy period of incarceration in federal prison. Mr. Mebane asks the court to depart downward under U.S.S.G. 5K2.0, considering the abandonment he suffered from his fathers drug addiction, the physical torture he received from his stepfather, the emotional trauma he suffered as a result of his stepfathers conduct, all combined with his own poly-drug addiction.

III.   CONCLUSION

Mr. Mebane requests the Honorable Court to impose a term of imprisonment that is appropriate for his conduct while also reflecting the substantial assistance he has provide to the government at great risk to his safety and the trauma he received as a child. A substantial period of incarceration will impede his rehabilitative efforts and significantly impede his efforts to become a productive member of society. Mr. Mebane is seeking a reasonable sentence which will allow him to return to the community as soon as possible so he can begin the process of rebuilding his life.

In conclusion, Mr. Mebane has two requests for the Court to consider in imposing its sentence upon him. First, he would like the opportunity to receive the 500 hour drug treatment program offered by the BOP. Mr. Mebane is seeking the 500 hour drug program if the court

sentences him to a period of incarceration which will allow him to receive the time reduction credit for successfully completing the program. However, Mr. Mebane is asking the Court to consider a sentence in the range of four to five years which will probably not provide enough time to allow him to receive the benefit of the Program's time credit. If the court is inclined to give him a sentence in the five year range, Mr. Mebane requests the court to order substance abuse treatment immediately upon his release so that he may positively deal with his addiction and give him an opportunity to begin his life anew, substance free. Mr. Mebane recognizes that his most significant obstacle to a productive life is his drug addiction and he is seeking any treatment available to help him to positively deal with this terrible problem. Mr. Mebane additionally requests that the Court recommend to the BOP that he be incarcerated in a facility located as close as possible to Virginia as he plans to rebuild his life alongside his very supportive mother.

Respectfully submitted,

TERRELL MEBANE

By: _____
      Francis L. O'Reilly, Esq.
      O'Reilly & Shaw, LLC
      87 Ruane Street
      Fairfield, CT 06430
      TEL: (203) 319-0707
      FAX: (203) 319-0128
      Fed. Bar. No. CT17505

CERTIFICATION

  This is to certify that a copy of the foregoing has been sent via U.S. Mail on this date to:

James J. Finnerty, Esq.
Assistant U.S. Attorney
United States Attorney's Office
915 Lafayette Blvd.
Bridgeport, CT 06604

            By: _____

             Francis L. O'Reilly, Esq.